500

## LAW AND EQUITY COURT OF THE CITY OF RICHMOND

Daniel Jenkins, etc.

v.

Underwriters Adjusting Co. et al.

January 31, 1972

By JUDGE A. CHRISTIAN COMPTON

Enclosed you will find copy of the judgment order entered today in favor of the defendants.

The plaintiff sues in contract upon an agreement which he asserts was made between his attorney, Mr. Vick, and the defendant adjuster, Mr. Radcliffe. The plaintiff asserts that the adjuster agreed to pay the amount sued for to settle and in satisfaction of a collision claim arising out of a motor vehicle collision occurring on July 12, 1970, wherein the Jenkins vehicle was damaged as a result of the alleged negligence of one Haymore, an uninsured motorist.

The Underwriters at Lloyds carried the collision insurance upon the Jenkins vehicle and paid $1,698.45 under its collision policy, which represented the total amount of the damage to the Jenkins vehicle less his deductible of $250.00.

The defendant, The Fidelity and Casualty Company of New York, had the uninsured motorist coverage on the Jenkins vehicle. This action, of course, is an attempt by the collision insurer to subrogate and recover its loss against its insured's automobile liability carrier. Since the amount of this suit is $50.00 more than was actually paid by the collision insurer, it is apparent that this action includes the amount of $50.00 which is Jenkins's individual claim. The defendant insurer admits that it owes Jenkins individually $50.00, so the judgment

order preserves the right of Jenkins individually to seek recovery of that amount.

The defendant insurer denies that it is indebted to the plaintiff insurer in any amount for two reasons: first, it asserts that there was no consideration for any agreement which may have been entered into between Mr. Vick and Mr. Radcliffe; and, second, even if there was consideration, there was no binding agreement between these two men for payment of the claim.

To decide the first question presented, we must assume as a matter of fact that there was an agreement. between Vick and Radcliffe whereby Radcliffe promised to pay the amount of the claim asserted by Vick on behalf of the plaintiff. The defendants take the position that the collision insurer had no valid claim against its insured's uninsured motorist carrier and, therefore, there was a complete failure of consideration to support any promise by Radcliffe to pay to Vick the amount claimed to be due the plaintiff. The defendants rely upon the case of *Bobbitt* v. *Shelby Mutual Ins. Co.*, 209 Va. 37 (1968), and that case is precisely on point.

As discussed during the oral argument of this case, in *Bobbitt* the issue was "whether an automobile collision insurance carrier, which has paid a loss sustained by its insured and caused by the negligence of an uninsured motorist, can recover the amount so paid from its insured's automobile liability insurance carrier under the uninsured motorist endorsement in the latter's policy." That is the same issue with which we are here confronted, and the holding in *Bobbitt* decides the point in favor of the defendants and needs no further comment. *See* exclusion (d) in the uninsured motorist endorsement (exhibit D-2). Moreover, the amendment to the Uninsured Motorist Act, in subsection (f) of § 38.1-381, which became effective after the decision in *Bobbitt* was rendered on June 10, 1968, does not affect the decision here since this is an attempt by a collision insurer to subrogate and not an attempt by an uninsured motorist carrier to become subrogated to the rights of its insured to whom it paid an uninsured motorist claim.

Having decided that the plaintiff's claim against the defendant insurer was invalid, it is clear under Virginia law that the forbearance to prosecute such inva-

lid claim is not a consideration to support the promise of Radcliffe to pay that claim. The case of *Hooff* v. *Paine*, 172 Va. 481 (1939), is very much in point and controls the decision here although there was a strong dissent by then Justice Hudgins and although that decision was criticised in 26 Va. L. Rev. 121, 122. *See* 4 M.J., *Contracts*, § 36, page 371, ftn. 16. *Hooff* was cited with approval in *Cushman* v. *Fitz-Hugh*, 199 Va. 234, 241 (1957).

In *Hooff*, the defendant owners of a house gave the plaintiff subcontractors a note for the amount due to the subcontractors from the general contractor in consideration of the forbearance to file a mechanic's lien when the subcontractors did not in fact have the right to file a mechanic's lien when the note was given because the owners did not owe the general contractor. In affirming the action of the trial court in holding that the note was unenforceable for lack of consideration, the Supreme Court speaking through Mr. Justice Gregory stated as follows:

> There remains for our determination the single question of whether or not the note was founded upon a valuable consideration. It is urged by counsel for the plaintiffs that they forebore the filing of a mechanic's lien and that this constitutes a sufficient consideration to support the note. The defendants answer that the plaintiff had no valid right to file a mechanic's lien, and therefore, their forbearance could not sustain a promise.
>
> The law is well settled that forearance, or the promise of forbearance, to prosecute a well-founded or doubtful claim is a sufficient consideration for a contract. On the other hand, the forbearance to prosecute an invalid, worthless or unfounded claim is not a consideration recognized by the law as valuable. [Citations omitted]
>
> In 13 Cor. Jur., "Contracts," § 197, is found this very lucid statement of the general rule: "The principle followed in perhaps the majority of cases is that one has a right to sue where his claim is reasonably doubtful, and that forbearance to enforce a claim which

might reasonably be thought doubtful is a sufficient consideration, on the ground that "the reality of the claim which is given up must be measured, not by the state of the law as it is ultimately discovered to be, but by the state of the knowledge of the person who at the time has to judge and make the concessions." From this it is clear that, if the right is not doubtful, there is no consideration, for there is neither benefit to the promisor nor detriment to the promisee, and, therefore, forbearance or a promise to forbear to insist on a claim clearly unenforceable cannot be a consideration. This is true, for example, of a promise to forbear from claims under an illegal contract, such as a gambling contract, or one involving the commission of a crime, or one which is without consideration, or which is barred by the statute of limitations; or of the discontinuance of a vexatious lawsuit brought to harass the attorneys of an infant who have obtained a final judgment against a railroad company, and to delay the collection thereof."

In Michie's Digest of Virginia and West Virginia Reports, vol. 2, "Contracts," § 23, page 879, this statement is taken from the case of *Bank of Ohio Valley* v. *Lockwood*, 13 W. Va. 392, 427, 31 Am. Rep. 768 [1878]: "An agreement to forbear for a time proceedings at law, or in equity, to enforce a well founded claim is a valid consideration for a promise. But this consideration fails, if it be shown, that the claim is wholly and certainly unsustainable at law or equity . . ."

*See also* 17 Am. Jur. 2d, *Contracts*, § 116, page 463; 17 C.J.S., *Contracts*, § 104[2], page 823; and Williston on Contracts (3d Ed.) volume 1, § 135B, pages 577-581. *Cf.* Restatement, *Contracts*, § 76(b). In addition, *see* 4 M.J., *Compromise and Settlement*, § 9, page 18, ftn. 15, but it should be noted that this reference, which was discussed during the oral argument of this case, is dictum from the West Virginia case cited as authority,

as pointed out in one of the cases relied on by the plaintiff here, which is *Sanders* v. *Roselawn Memorial Gardens, Inc.*, 159 S.E.2d 784, 793 (W. Va. 1968).

This case is not one in which the plaintiff's claim was "reasonably doubtful" or "colorable." In view of the *Bobbitt* decision, the claim by the plaintiff collision carrier against the defendant insurer here was clearly invalid. Such being the case, there was no consideration to support any promise made by Radcliffe and this suit based on that alleged contract must fail.

While what has just been said disposes of this case, it is felt that the court should also rule on the second question presented; that is, assuming there was consideration, did the plaintiff prove an agreement between Vick and Radcliffe for payment of the claim. The court finds that the plaintiff has failed to carry the burden to show that there was any meeting of the minds. The testimony of both of these gentlemen was clear and convincing, and the court is not prepared to discard the testimony of either, and they both have a different recollection of the facts with Mr. Vick maintaining that there was an agreement and Mr. Radcliffe denying any such agreement.

In view of what has been said above, judgment is therefore entered in favor of the defendants.